IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY §
COMMISSION §
§
Plaintiff, §
§
VS. § NO. 3-08-CV-1362-P
§
GREATER METROPLEX INTERIORS, §
INC. §
§
Defendant. §

## MEMORANDUM ORDER

Plaintiff Equal Employment Opportunity Commission ("EEOC") has filed a motion for protective order in connection with the deposition of its investigator, Melva Best. As grounds for its motion, the EEOC contends that defendant should not be permitted to depose Best because: (1) her mental impressions, opinions, and recommendations are protected from disclosure by the deliberative process privilege; (2) her testimony is unreasonably cumulative and duplicative; (3) the EEOC's investigation and cause determination are not relevant to the claim or defense of any party; and (4) public policy considerations outweigh any rationale for taking this deposition. The parties have briefed their respective positions in a joint status report filed on February 17, 2009, and the motion is ripe for determination.

Rule 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Under Rule 30(a)(1), a party may take the deposition of any other party. *See* FED.

R. CIV. P. 30(a)(1). A party seeking to quash a deposition in its entirety has a heavy burden of demonstrating "good cause" and "a specific need for protection." *Bucher v. Richardson Hospital Authority*, 160 F.R.D. 88, 92 (N.D. Tex. 1994). The standard in the Fifth Circuit is "extraordinary circumstances." *Id.*, citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). The movant must show a "particular and compelling need" for such an order. *Id.* This requirement "furthers the goal that courts only grant as narrow a protective order as is necessary under the facts." *Id., quoting Frideres v. Schiltz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993).

"[T]he EEOC has obvious and well-founded concerns about having its investigators spend their time testifying about old investigations instead of conducting current ones." *Leyh v. Modicon, Inc.*, 881 F.Supp. 420, 424 (S.D. Ind. 1995). As the *Leyh* court held:

> Despite the generally permissive approach to discovery in the federal courts, the court does not believe that parties to an employment discrimination case should be able to depose EEOC investigators as a matter of course. Such depositions should not become a routine method to find a short-cut to evidence or to being given pre-packaged cases. It is beyond the scope of this case to catalog the exceptional circumstances that might warrant such discovery, but there are no such exceptional circumstances here. While such depositions might save private litigants some time and money, there is a larger public interest here. The EEOC has plenty of work to do investigating new complaints, and its principal responsibility is to serve the public as a whole, not to work for the benefit of particular litigants[.]

*Id.* at 425. However, those concerns are justified only when the EEOC is not a party to the litigation. "[W]hen the government seeks affirmative relief, it is fundamentally unfair to allow it to evade discovery of materials that a private plaintiff would have to turn over." *E.E.O.C. v. Airborne Express*, No. 98-1471, 1999 WL 124380 at *2 (E.D. Pa. Feb. 23, 1999), *quoting E.E.O.C. v. Citizens Bank and Trust Co.*, 117 F.R.D. 366, 366 (D. Md. 1987). Numerous courts have allowed the deposition of an EEOC employee in cases brought by the agency. *See, e.g. E.E.O.C. v. Corrections*

*Corp. of America*, No. 06-CV-01956-EWN-MJW, 2007 WL 4403528 at *1 (D. Colo. Dec. 13, 2007); *Serrano v. Cintas Corp.*, No. 04-40132, 2007 WL 2688565 at *2-3 (E.D. Mich. Sept. 10, 2007); *E.E.O.C. v. Albertson's, LLC*, No. 06-CV-01273-WYD-BNB, 2007 WL 1299194 at *2 (D. Colo. May 1, 2007); *Airborne Express*, 1999 WL 124380 at *2.

In the joint status report, defendant explains that it wants to question Melva Best about the factual basis of her investigation and information provided to her by the complainant, Luanda Puente. (*See* Jt. Stat. Rep. at 9). These areas of inquiry are unquestionably relevant to the gender discrimination claims brought by the EEOC. Moreover, defendant has been told by opposing counsel that the EEOC intends to use part of its investigation file at trial. (*See id.* at 13). Although the EEOC has offered to address these matters in an affidavit signed by Best, defendant is entitled to fully examine the investigator at a deposition. The EEOC is also concerned that defense counsel may seek to invade the deliberative process privilege[1] or inquire into matters that are cumulative of other evidence produced during discovery. Such generalized concerns do not constitute "good cause" for quashing a deposition. If defense counsel inquires into any matters that are privileged, cumulative, or otherwise improper, the EEOC may object on a question-by-question basis.

For these reasons, the EEOC's motion for protective order [Doc. #17] is denied.

SO ORDERED.

DATED: February 17, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant offers various reasons why the deliberative process privilege does not apply in this case. (*See* Jt. Stat. Rep. at 15-17). The court declines to address the privilege issue at this time. If the EEOC invokes the deliberative process privilege at the deposition and instructs Best not to answer any question on that basis, defendant may seek relief from the court in an appropriate motion.